A. E. PETERSON *vs.* MILLE LACS LUMBER CO.

Argued July 5, 1892. Decided Aug. 23, 1892.

Corporations—Authority of Agent.
> Sundry rulings of the court below on the trial of this action considered and disposed of.

Appeal by defendant, The Mille Lacs Lumber Company, from an order of the District Court of Ramsey County, *Kelly*, J., made March 26, 1892, refusing a new trial.

The plaintiff, A. E. Peterson, was on April 27, 1891, a lumber dealer at St. Paul. The defendant was a corporation created and existing under the laws of the State of Minnesota, and engaged in manufacturing and dealing in lumber, having its mills and yards at Milaca, Minn., and its head office at St. Paul. On that day plaintiff received a proposition in writing signed by Mille Lacs Lumber Co. by Wm. E. Lee, manager, offering to sell to plaintiff "all the red and white oak lumber we now have on hand, sawed and in our yard

at Milaca, Minn., at the prices and upon the terms following, viz.:" stating them. This proposition was, the same day, accepted in writing, on the same sheet that contained the offer, and was delivered to Mr. Lee, as manager of the defendant. On April 29, 1891, Peterson received through the mail a letter from W. A. Stephens, president of the defendant, saying: "As president of this company I beg to notify you that Mr. Lee, subsequent to the closing of the trade which had my approval, made certain concessions with regard to payments and shipments and inspection without my authority or approval, and inasmuch as he was not authorized to do this, I repudiate his acts, and the trade is hereby cancelled; and this company will not make the shipments thereunder. Please acknowledge receipt." Plaintiff, on the same day, replied to this communication, stating that he would hold defendant to the full performance of the contract, and that he would be at Milaca on the afternoon of that day as per agreement with Mr. Lee, to commence shipping the lumber. He thereupon went to defendant's yard at Milaca, but defendant refused to carry out the conditions of the contract.

The plaintiff then brought this action to recover the sum of $10,-000, as damages alleged to have been sustained by the breach of the contract on defendant's part. The answer denied the authority of Lee to make the contract on behalf of defendant, and denied the damages, and the case was tried November 23, 1891, on these issues. The evidence showed that Lee was manager of the company's business at Milaca; that he had apparent authority to make and had made on behalf of defendant, at different times, to plaintiff and others, sales, and contracts for sales of lumber in the usual course of business. As to whether, if the authority was limited, the plaintiff had notice of the limitation, the testimony of Lee that he told plaintiff he would have to submit the contract to Mr. Stephens, the president, was contradicted by that of plaintiff. The evidence on the question of damages was conflicting.

In the examination of the witness Lee, counsel for defendant asked the following question: "What has become of the lumber since this contract?" The question was objected to as immaterial, the objection sustained, and an exception taken. The discussion between

court and counsel which followed shows that it was intended to show sales of the property as bearing on the question of its value, the court saying: "I am inclined to think it is not permissible to show actual sales," but no further questions were asked or rulings made on the point.

The court charged the jury that, from the evidence, Lee had apparent authority to make the contract, and that the defendant was bound by it unless plaintiff had knowledge that his authority was limited so as to prohibit him from executing it without the approval of Stephens, the president. This part of the charge was excepted to. The jury found a verdict in favor of plaintiff and assessed his damages at the sum of $3,579.93. A motion for a new trial was denied, and defendant appealed.

*Eller & How*, for appellant.

1. The admission of the contract in evidence, and the instruction that Lee's apparent authority was sufficient to bind the company, was error. This sale was out of the ordinary line of the company's business; it was a sale of their entire stock of hardwood lumber in a single lot, and not within the scope of Lee's apparent authority.

2. The refusal of the court to allow defendant to show the subsequent sale and disposition of the property, as bearing upon the question of its market value, and the measure of damages, was erroneous. The rejection of evidence tending in any degree to aid the jury in determining a material fact, is error. *Coleman* v. *Allen*, 3 J. J. Marsh. 229. It must be regarded as prejudicial, unless the court can say from an examination of the case that to a moral certainty, it could not have affected the verdict. *Greene* v. *White*, 37 N. Y. 405; *Lane* v. *Crombie*, 12 Pick. 177; *Thacher* v. *Jones*, 31 Me. 528; *Union Bank* v. *Mott*, 39 Barb. 180; *Daley* v. *American Printing Co.*, 150 Mass. 77; *Matter of Eysamon*, 113 N. Y. 62. Evidence of what an article cost or what it sold for is competent evidence of its value. *Harrow* v. *St. Paul & Duluth R. Co.*, 43 Minn. 71; *Redding* v. *Godwin*, 44 Minn. 355; *Wells* v. *Kelsey*, 37 N. Y. 143; *Bigelow* v. *Legg*, 102 N. Y. 652; *Kent* v. *Whitney*, 9 Allen, 62; *Brigham* v. *Evans*, 113 Mass. 538.

*M. R. Tyler*, for respondent.

1. The apparent authority of Lee to make the contract was most ample. There was no error in admitting the contract in evidence, or in the instruction of the court that Lee's apparent authority was sufficient to bind the company.

2. The exclusion of the testimony as to a subsequent sale of the property was correct. The admission of the testimony as to sales would have necessitated a special examination on each sale and a comparison of terms and conditions, and it was within the discretion of the court below to determine whether, under all the circumstances, it was admissible. But a private sale by defendant, after claim for damages had been made, is not admissible as evidence in his favor to show value. The authorities cited by appellant either apply to public sales, or to sales made by the party against whom the evidence is offered. The case of *People* v. *McCarthy*, 102 N. Y. 630, holds that prices obtained on private sales of real estate are not competent evidence of value. The cases make no distinction on this point between sales of real estate and personal property. *Roe* v. *Hanson*, 5 Lansing, 305.

Even if there was error in excluding this testimony, it clearly could not have prejudiced defendant. A new trial will not be granted for an error without prejudice. *Irvine* v. *Marshall*, 7 Minn. 286, (Gil. 216;) *Laib* v. *Brandenburg*, 34 Minn. 367.

COLLINS, J. The trial court committed no error when admitting in evidence the contract of sale signed by Mr. Lee, as manager of defendant corporation, and certainly there was no error in the charge to the jury as to his apparent authority as manager to bind defendant. His appointment in writing as general manager of the business, and that he was acting as such manager, were admitted, and his authority to sell the product of the mills could not well be questioned from his own testimony. Indeed, this authority to sell was not denied in the letter written by the president repudiating the contract, for his grievance, as then stated, was that Lee had "made certain concessions, with regard to payments and shipments and inspection, entirely without my authority or approval." These unauthor-

ized concessions having been made, "the trade is hereby canceled." The apparent authority was not only amply, but well-nigh conclusively, established by the testimony.

It is urged by appellant that the court ruled erroneously when refusing to allow it to show a subsequent sale of the lumber, as bearing on the question of its market value. The only question proposed by appellant's counsel in respect to the matter was, "What has become of this lumber since this contract?" An objection to this question as immaterial was made and sustained, an exception being taken to the ruling. Possibly, from the discussion which followed the exception, we might infer that it was the purpose of counsel to follow this inquiry up, had an answer been permitted to it, with proof of a sale and at what figures. But no further attempt was made to show such sale. There is no ruling to review, and hence we do not determine whether evidence of a subsequent sale of the lumber, and the sum for which it sold, would be competent proof of its market value, proper to be considered in connection with all other evidence bearing on that question. Nothing more need be said.

Order affirmed.

(Opinion published 52 N. W. Rep. 1082.)