FRANK MILLER ET AL., TRADING AS MILLER FER-
TILIZER CO. *vs.* MATTHEWS & KIRKLAND,
GARNISHEES OF THE MD. AGRICULTURAL CO.

*Corporations—Assignment for Benefit of Creditors Made by Officers
Without Express Authority May Be Ratified—Delay in Assailing
Assignment for Fraud—Evidence—Judicial Notice of Statutes.*

When the validity of an assignment for the benefit of creditors is at-
tacked upon an attachment laid in the hands of the trustee, the pro-
ceedings in the Equity Court relating to the management of the estate
by the trustee are admissible in evidence.

Under the Act of 1890, ch. 318, the original papers in another cause are
not admissible in evidence unless accompanied by a certified copy
of the docket entries therein. *Held,* that where such papers have
been admitted, it will be assumed on appeal and in the absence of
anything in the record to the contrary, that a copy of the docket
entries was then produced.

A general assignment for the benefit of creditors made by the presi-
dent and secretary of a corporation, without the formal authority of
the board of directors, is valid when subsequently ratified by the
directors and stockholders, although not when assembled in a meet-
ing.

A statute empowering a corporation to become sole surety upon judi-
cial bonds and authorizing clerks of Courts to accept the corporation
as such surety is in so far a public statute that the Courts will take
judicial notice of it.

Appeal from a judgment of the Superior Court of Balti-
more City (RITCHIE, J.) At the trial the Court instructed
the jury that their verdict must be for the garnishees and
rejected the following prayers offered by the plaintiffs :

*Plaintiffs' 1st Prayer.*—If the jury find that the plaintiffs
recovered in the Superior Court of Baltimore City against

the Maryland Agricultural Company of Baltimore City a judgment for $1,411.10, with interest from the 17th day of March, 1897, and $15.50 costs, and that the deed of trust referred to in evidence was never authorized or ratified by the board of directors, or by its stockholders, in lawful meeting assembled, and shall further find that goods, wares and merchandise owned by the Maryland Agricultural Co of Baltimore City, at the date of said assignment, was then taken possession of by David P. Smelser, named as trustee in said deed of trust, claiming thereunder, and having and claiming no other title thereto, and that the said goods, wares and merchandise were delivered by him to Matthews & Kirkland, the garnishees, for sale, and that they were sold by them and realized upwards of $4,000, and that of said proceeds of sale a sum exceeding the said judgment with interest to date and costs, is still in said garnishees' hands, then the verdict must be for the plaintiffs for the full amount of their said judgment, interests and costs. (Rejected).

*Plaintiffs' 2nd Prayer.*—That there is no evidence in this cause legally sufficient to prove that the deed of trust offered in evidence was ever authorized or ratified by the board of directors or by the stockholders of the Maryland Agricultural Company of Baltimore City, the grantor, in lawful meeting assembled. (Rejected).

*Plaintiffs' 3rd Prayer.*—That unless all the stockholders of the Maryland Agricultural Co. of Baltimore City were assembled together, no lawful meeting of the stockholders could be held unless each stockholder had received previous notice of the time and place thereof, or notice of the meeting had been given by publication in two daily papers published in Baltimore City, and unless all the directors were assembled together, no lawful meeting of the directors could be held unless each director had received previous notice of the time and place thereof. (Rejected.)

The cause was argued before McSHERRY, C. J., FOWLER,

BRISCOE, PAGE, ROBERTS, BOYD and PEARCE, JJ. (March 11, 1898).

*Moses R. Walter*, for appellants.

The execution of the deed of trust was neither authorized nor ratified by the board of directors or by the stockholders at a duly held meeting, and the deed was, therefore, void. It is indispensable to a legal meeting of the directors or stockholders that all have notice, either actual or constructive, of the time and place of meeting. *People v. Batchelor*, 22 N. Y. 134; *Doernbecher v. Columbia City Lumber Co.*, 21 Ore. 573; *Comm. v. Cullen*, 13 Pa. St. 133; *Paola, &c. R. W. Co. v. Comm.*, 16 Kansas, 302. No meeting had been called, and no notice of the so-called meeting of October 1, 1896, was given. The accidental coming together of some of the directors or of some of the stockholders did not constitute a lawful meeting of either.

Besides, section 3 of Article 23 of the Code, under which the corporation had been incorporated, provides that when the corporate powers are directed by its charter to be exercised by any particular body, a majority shall "*form a board* for the transaction of business, and any *decision of a majority of the persons assembled as a board shall be valid as a corporate act.*" On October 1, 1896 (the only time the question of executing a deed of trust was considered), only two of the five directors were present. There was, therefore, not "a sufficient number to form a board for the transaction of business," and the decision of the two was, therefore, not "valid as a corporate act." *Gashwiller v. Willis*, 33 Cal. 19; *Kansas City Hay Press Co. v. Devol*, 72 Fed. Rep. 721; *Angell & Ames on Corporations*, section 504.

The illegal agreement of the two directors on October 1 could not be made a corporate act by the separate assent of other directors given previous or subsequent thereto. This is not only so provided in effect by sec. 3 of Article 23 of the Code, but the Courts everywhere and the text-writers hold this to be the law. "*Directors* must act together as a

board. They can only bind the corporation by acting together as a board. A majority of them cannot undertake to act in their individual names for the board itself, and no act can be done affecting ownership of property except by a resolution of the board when regularly constituted and sitting in consultation. Nor can an act invalid as against the corporation be ratified by individual consent of a majority of the board." " *When they are not consulting as a board they are regarded as acting privately and unofficially.*" *Thompson on Corporations,* sections 3905, 3908 ; 2 *Cook on Stockholders,* section 712 ; 1 *Beach on Corporations,* section 224 ; *Baldwin* v. *Canfield,* 26 Minn. 43 ; *Doernbecher* v. *Columbia City Lumber Co.*, 21 Oregon, 573 ; *Herrington* v. *The District Township of Liston,* 47 Iowa, 11; *Simon* v. *Sevier Association,* 54 Arkansas, 58, 60 ; *McCullough* v. *Moss,* 5 Denio, 577 ; *Stoystown* v. *Craven,* 45 Pa. St. 387 ; *First Nat. Bank* v. *Christopher,* 11 Vroom, 435 ; *Ross* v. *Crockett,* 14 La. Ann. 811; *Paola* v. *Comm.,* 16 Kansas, 302 ; *First National Bank* v. *Drake,* 35 Kansas, 564 ; *D'Arcy* v. *The Tamar, &c., Railway Co.,* L. R. 2 Excheq. 158 ; *Keeler* v. *Frost,* 22 Barbour, 400 ; *Schum* v. *Seymour,* 24 N. J. Eq. 153.

The illegal agreement of the stockholders present on October 1, 1896, could not be made a corporate act by the separate assent of the other stockholders given previous or subsequent thereto. " *Stockholders* can hold elections and can transact the business for which they are as a body qualified to transact only at a corporate meeting, duly called and convened. Consequently, all votes taken elsewhere than at such a meeting, and all separate consents either oral or written, whereby the stockholders assume to bind the company, are invalid and void." 1 *Cook on Stockholders,* sections 625, 627 ; *Finley Shoe and Leather Co.* v. *Kurtz,* 34 Mich. (12 Post), 91; *Reiff* v. *Western Union Tel. Co.,* 49 N. Y., Superior Court, 453 ; *Duke* v. *Matthews,* 105 N. C. 131; *Angell & Ames on Corps.,* sec. 504, and the other cases above cited.

Acquiescence by the directors or stockholders will not ratify or validate the illegal action of October 1, 1896, as against the appellants.   There was no ratification in fact of the proceedings of October 1—no meeting of either the stockholders or directors having been held after October 1, 1896—and, whenever the adoption of any regular form or mode is necessary to confer authority in the first instance, there can be no valid ratification except in the same manner.   *Dispatch Line, &c.*, v. *Bellamy, &c.*, 12 N. H. 231; *McCullough* v. *Moss*, 5 Denio, 577.   There is no evidence in the case that Mrs. Rigney, one of the stockholders, had or has any knowledge of the execution of the deed.

Acquiescence could not affirmatively ratify the action of the directors or stockholders ; in other words, make what was not a corporate act a corporate act.   *If the individual separate acts of all the directors or stockholders will not constitute a corporate act, as the numerous authorities above quoted show, how can it possibly be held that their negative action can have that effect?*   " This species of ratification rests upon the principle of equitable estoppel."   *Thompson on Corporations*, sec. 5298.   That doctrine is interposed to prevent injustice and to guard against fraud by denying to a party the right to repudiate his admissions *when they have been acted upon* by parties to whom they were directed, and whose conduct they were intended to influence.   *Alexander* v. *Walter*, 8 Gill, 240.   Estoppels operate only on parties and privies, and can be used neither by nor against strangers.   *Alexander* v. *Walter*, 8 Gill, 239.   Creditors are not parties to an assignment for the benefit of creditors.   *National Park Bank* v. *Lanahan*, 60 Md. 510.   The appellants, being neither parties nor privies, cannot be affected by acquiescence on the part of the directors or stockholders.

The case of *Stokes* v. *Detrick*, 75 Md. 256, relied on in the Court below by the appellees, does not apply to this case.   There the creditors who assailed the transfer from the Waring Bros. Co. to the Waring Manufacturing Co. had accepted the assignment for the benefit of creditors,

and made themselves parties to the proceedings in which the funds in the trustees' hands were being distributed. A valuable consideration had been actually paid at the time of the transfer by the Waring Manufacturing Co., and the directors had furthermore duly authorized it, and all the other stockholders had full knowledge of it. A trustee, under an assignment for the benefit of creditors, " stands in the shoes of the grantor," and persons claiming thereunder occupy the same position as the corporation and the stockholders. *Luckemeyer* v. *Selz*, 61 Md. 324; *Tyler* v. *Abergh*, 65 Md. 20. And this Court, therefore, held (75 Md. 263) that "the deed having been made by order of the directors, and the stockholders having at least never taken any steps to condemn the unauthorized act nor to seek judicial redress at the proper time, it should, in equity at least and good conscience, be held as effective as if they had given their express assent to its execution." The creditors in *Stokes* v. *Detrick* were, therefore, under the circumstances mentioned, in the same position as if they had been stockholders who had acquiesced, and who had, after acquiescence, endeavored to set the transaction aside, and is not an authority that acquiescence by stockholders is equivalent to an express ratification, as to make it the corporate act of the company as against strangers (as the appellants in this case are), and especially not in favor of a trustee for the benefit of creditors who is not a purchaser for value. *Ratcliffe* v. *Sangston*, 18 Md. 321; *Tyler* v. *Abergh*, 65 Md. 20; *Burnett* v. *Bealmear*, 69 Md. 38.

There is no evidence in this cause that the trustee gave a bond in accordance with section 205 of Article 16, which was necessary to vest him with title. That section requires a bond " with sureties," which this Court in *Harris* v. *Regester*, 70 Md. 109, held means more than one surety. There was only one surety here : The American Bonding and Trust Company of Baltimore City. The charter of that company which authorized it to become sole surety on bonds was a private act. See *Brady* v. *State*, 26 Md.,

where the Chesapeake and Ohio Canal Co. was held to be a private corporation. The charter of the American Bonding and Trust Company was not offered in evidence, and the Act of Assembly being a private Act, the Court could not take judicial notice of its existence. *Whitcroft* v. *Dorsey*, 3 H. & McH. 357.

*Wm. Pinkney Whyte* and *James W. Denny* for the appellee.

The main question presented by the three prayers of the plaintiffs, which were rejected by the Court, is : Can a creditor of a business corporation obtain a preference and defeat a deed of trust made by a corporation for the benefit of all its creditors, by showing that there was no formal meeting of the directors called by published notice of the time and place, and no formal resolution passed directing the execution of the deed ; when, in fact, every director and every stockholder in the State and out of it expressly sanctioned the action of its officers, and all of them have uniformly, from that date to this, fully ratified or acquiesced in the assignment. It certainly required no formal resolution for the officers of the corporation to contract the debt due the plaintiff, and the corporation ought to be able to sell its goods to enable it to pay the plaintiff's claim, without being required to account, in a collateral inquiry, whether the corporation was legally entitled to sell its property for the express purpose of paying its debts.

It is not necessary that authority be given by a formal vote. It may be implied by *facts and circumstances, acquiescence, assent, ratification, acceptance, implication and otherwise.* The president, by his election, becomes the authorized agent of the company, and his acts will be presumed to be legal and binding ; if he had the power to contract debts he had power to provide for their payment. That power has never been recalled. And in the absence of legislative enactment the corporation acts through the president or those representing him. This is the modern

doctrine, and it is no longer questioned *that the powers* of a corporation vested in the board of directors may be conferred on the president by *implication* arising from the way the corporation has directed its affairs. *McElroy* v. *Minn. Percheron Horse Co.*, 71 N. W. Rep. 652 ; *Jones* v. *Williams*, 39 S. W. Rep. 486 ; *Smith* v. *Smith*, 62 Ill. 493 ; *Wabash R. Co.* v. *Ham*, 114 U. S. 594 ; *Sutton Mfg. Co.* v. *Hutchinson*, 11 C. C. A. 325.

It is not necessary that authority be given the president to execute a deed by a formal vote. *Sherman* v. *Fitch*, 98 Mass. 59 ; *Chase* v. *Tuttle*, 55 Conn. 455 ; *Pue* v. *Burgen*, 2 Gill, 254; *Zihlman* v. *Cumberland Glass Co.*, 74 Md. 303; *Angel & Ames*, 11th ed., p. 168, sec. 187; *5 Thompson*, 5314; *Hutchison* v. *Green*, 91 Mo. 367. It is well settled in this country that the acts of a corporation evidenced by a vote, written or unwritten, are as completely binding as a solemn oath under seal. *1 Md. Chan.* 398. " A corporation can act only by its agents, and to bind the corporation the agency must appear, but this need *not be shown* by any resolutions of the board or other written evidence ; it may be implied by *facts and circumstances.*" *Burgess* v. *Pue*, 2 Gill, 254 ; *N. C. R. R.* v. *Bastion*, 15 Md. 494 ; *5 Thompson Co. on Law of Corporations*, sec. 6473. Acts of directors without power validated by subsequent assent of the stockholders. *5 Thompson Comm. on Law of Corporation*, secs. 6473 and 5314 ; *Stokes* v. *Dietrick*, 75 Md. 262 ; *Harrison* v. *Annap. & Elk. R. R.*, 50 Md. 490 ; *Susquehanna Bridge Co.* v. *Insurance Co.*, 3 Md. 306 ; *Grape Sugar Co.* v. *Small*, 40 Md. 395. Authority to convey real estate may be communicated orally, and no minutes of a vote or record necessary. *Hutchins* v. *Byrne*, 9 Gray, 370 ; *Angel & Ames*, 11th ed., pages 306 and 308, section 291 *a*. A deed of a corporation executed in pursuance of an agreement of a quorum, no objections being made by any of the members of the board, must be considered as a corporate act, whether the meeting was duly convened or not. *Samuel* v. *Holliday*, Woolworth's Circuit Ct. Rep. 408 ; *White* v.

*Thompson*, 19 New York, 207 ; *Far. Loan & Trust Co.* v. *Toledo R. R.*, 67 Fed. Rep. 49.

ROBERTS, J., delivered the opinion of the Court.

The appeal in this case is from a judgment of the Superior Court of Baltimore City. The facts are, that the Maryland Agricultural Company of Baltimore City (the appellee here), was a corporate body, engaged in the sale of agricultural implements, &c., in said city. In the course of its business, it was unable to meet its obligations and was on the first of October, 1896, compelled to execute a deed of trust of all its property for the benefit of its creditors, without priority or preference. The deed is in the usual form, signed by the president and by the secretary of the company, with the corporate seal annexed. The property of the corporation consisted of a stock of agricultural implements and book accounts. The trustee, David P. Smelser, on the day of execution of the deed to him filed his bond, with the American Bonding and Trust Company of Baltimore City as the sole surety thereon, which bond was duly approved by the clerk of said Court, and thereafter upon the petition of the trustee, the Circuit Court No. 2 of Baltimore City assumed jurisdiction of the trust and proceeded to direct the proceedings of said trust. After the expiration of more than a month from the execution of said deed the plaintiffs (the appellants here) who were creditors of the appellee company, issued an attachment and charged said company with having assigned and disposed of its property with intent to defraud its creditors and laid the attachment in the hands of the trustee in possession of the trust property. When the short note case against the appellee was tried, the indebtedness to the appellants was admitted, and judgment thereon was entered for the amount of such indebtedness. The attachment suit was then tried and contested and the Court held that there was no evidence to sustain the attachment, and the appellants being called, took a *non pros.* After the execution of the deed in October,

1896, the trustee sold such part of the stock at private sale from the store, as he could, and in March, 1897, he sold the remainder of the stock at public auction, and employed Matthews and Kirkland, the garnishees, and appellees in this case, as his auctioneers.   Before the proceeds of sales made by the garnishees had been turned over to Smelser, trustee, the appellants on the 18th of March, 1897, more than five months and a-half after the deed of trust had been executed, issued an attachment on said judgment and caused the same to be laid in the hands of said garnishees. So that from the first of October, 1896, to the 18th of March, 1897, the trustee had the title and undisputed possession of all the trust property and was engaged in the administration of his trust under the jurisdiction of the Circuit Court No. 2 of Baltimore City.   The case was tried in the Superior Court of Baltimore City, and issue was joined on the plea of *nulla bona*.   The Court instructed the jury that there was no evidence legally sufficient to sustain a verdict for the appellants, which was the effect of the prayer of the appellees granted by the Court, and refused to grant the three prayers of the appellants.   The verdict and the judgment being in favor of the appellees, the plaintiffs have appealed.

The first exception in the record relates to the admissibility in evidence of the equity papers in the Circuit Court No. 2, where the trustee is administering his trust.   It is difficult to conceive of any substantial objection to the admission of this proof, especially in view of the fact that the appellants deemed it necessary in support of their contention, to offer in evidence the deed, which was admitted without objection and read to the jury.   The subsequent acts of the trustee, as shown by the proceedings in the equity suit pending in the Circuit Court No. 2, demonstrate very clearly the character of his conduct in dealing with the trust which he had assumed under said deed, and is strictly in accordance with fair dealing and a just regard for the rights of creditors. This Court, in *Main & McKellip, garn.*

v. *Lynch*, 54 Md. 664, held that the subsequent acts of the trustee may be inquired into to sustain the allegation of fraud, then certainly the conduct of the trustee showing good faith in the discharge of his duties, becomes both material and pertinent. The appellants were not in any manner injured by the admission in evidence of the original equity papers instead of a certified copy, and they have failed to call our attention to any injury which has resulted in consequence of the admission of this evidence. *Barton Coal Co.* v. *Cox*, 39 Md. 1 ; *Wyeth* v. *Walzl*, 43 Md. 426 ; *Hays* v. *Wells*, 34 Md. 512. It is also contended that the original equity papers cannot be used as evidence unless accompanied with a transcript under seal of the docket entries in such case, as required by the Act of 1890, ch. 318. Whilst this is true, there is nothing in the record which tends to show that the provisions of the Act were not complied with in this respect. We think the Court committed no error in the admission of the equity papers, under the circumstances of this case.

The appellee's prayer is substantially a demurrer to the evidence and its consideration will practically dispose of all the questions which arise in connection with the appellants' three prayers. It is urged on the part of the appellants that the execution of the deed of trust under consideration here, was not authorized by the board of directors or by the stockholders of the Maryland Agricultural Company at a duly held meeting, after notice, either actual or constructive, of the time and place of such meeting, and that no formal resolution was passed directing the execution of said deed, which was therefore void and vested no title in the trustee. Whilst it is true that the testimony in the record fails to fully sustain all that the appellants contend is requisite to the proper execution of the deed, yet without considering in detail the objections which have been urged against it, we entertain no doubt as to the force and character of the proof which clearly establishes the fact that the directors and stockholders, resident as well as non-resi-

dent in this State, have expressly sanctioned the action of its officers in the execution of the assignment to Smelser, and from its date to the institution of this suit have fully ratified and acquiesced in its provisions. Certain of the creditors of the corporation have sought to obtain preferences in the payment of their claims by garnishing its property and assets, but nothing of a fraudulent character has been shown, in the conduct of the trustee, which would justify the slightest interference with the administration of his trust.  3 *Beach on Private Corporations*, sec. 866 ; *Kleckner* v. *Turk*, 45 Neb. 176, 63 N. W. Rept. 469 ; *Johnson* v. *Gumbel*, 19 So. Rep. 100.  It has been very earnestly contended that not only has this corporation been guilty of irregularities in its formation, but equally in the management of its affairs, and that when the deed came to be executed but two of the five directors were present, one of whom was the president, the other the secretary of the corporation.  They, however, were not the only interested parties present, but even though they were, the act which they performed if subsequently acquiesced in by the other directors, or a majority of them, rendered the assignment, in all respects, as valid as if it had been made in pursuance of a resolution passed by the whole board of directors.  It has been held in a very recent case, *McElroy* v. *Minnesota Percheron Horse Co.*, 71 N. W. Rep. 652 (1897), that " a contract for the sale of all the assets of the company, including real estate made by the president alone, was binding on the corporation, since all the powers of a corporation vested solely in the board of directors may be conferred by implication arising from the way the corporation has directed its affairs."  To the same effect are the following authorities : *Jones* v. *Williams*, 139 Mo. 1, 39 S. W. Rep. 486 ; *Smith* v. *Smith*, 62 Ill. 493; *Wabash R. R. Co.* v. *Ham et al.*, 114 U. S. 594 ; *Sherman* v. *Fitch*, 98 Mass. 59.  JUDGE FOWLER delivering the opinion of this Court in *Stokes* v. *Detrick*, 75 Md. 263–4, says : " While it is well settled that the directors of a corporation cannot ordinarily alone sell or convey the whole of its property, yet

it is equally true that, if such an unauthorized transfer is made, it may be ratified by the assent of the stockholders. *Morawetz on Corporations*, secs. 523, 577. And such assent may be inferred from their failure to protest against and promptly condemn the unauthorized acts of the officers of the corporation. *Fort Worth Publishing Co.* v. *Hitson & Reed*, 80 Texas, 216 (14 S. W. Rep. 846); *Sheldon H. B. Co.* v. *Eickmeyer*, 90 N. Y. 614. In *Kelsey* v. *The National Bank of Crawford Co.*, 69 Pa. St. 429, it is said: 'The law is well settled that a principal who neglects promptly to disavow the acts of his agent by which the latter has transcended his authority, makes the act his own, and the maxim which makes ratification equivalent to a precedent authority, is as predicable of ratification by a corporation as it is of a ratification by any other principal, and is equally to be presumed from the absence of dissent.' *Morawetz on Corporations*, sec. 618; *Ragland* v. *McFalls*, 27 N. E. Rep. 75." And again in *Edelhoff et al.* v. *Horner & Miller Straw Goods Co. et al.*, 86 Md. 595, where a creditor replevied his goods ·from the trustees under an assignment for the benefit of creditors, which the president of the corporation had mortgaged, without express authority, this Court held, that " While it may be true as a general rule that ministerial officers of a corporation, without authority expressly conferred, *or to be implied from previous conduct,* cannot pledge the property of the corporation, yet when a mortgage of its chattels has been made by such officers for the purpose of securing funds to pay its debts and continue its business, and it receives *the full benefit of the transaction, without objection being made, it will be presumed to have authorized or ratified the acts of its officers."* The appellants themselves long after they had issued an attachment on original process and obtained judgment in the short note case as heretofore stated, seem to have lapsed into apparent acquiescence, and not until after the expiration of five months from the date of said deed and the trustee had so far proceeded with the settlement of his trust to the extent of having dis-

posed of all the trust property, did the appellants resort to any further effort to gain precedence in the payment of their claim. In an effort to nullify a deed of this character, it is incumbent upon the party instituting proceedings to take action within a reasonable time after the deed has been executed. *Riley* v. *Carter and Aiken, Trustees,* 76 Md. 612. It is not contended in this case that the deed to Smelser was made in bad faith to accomplish a fraudulent purpose, nor that he was a party to any collusion, sought to be practiced on the creditors to force a settlement with them. It is only sought to assail this assignment on purely technical grounds based upon the manner of preparing for and actually executing the deed. When a corporation or an individual makes an assignment of all its property *in good faith,* it does not hinder or delay its creditors, and when the deed contains no improper preferences, it violates no provision of the insolvent law. *Riley* v. *Carter and Aiken, supra ; Ferrall* v. *Farnen,* 67 Md. 76 ; *Luckemeyer* v. *Seltz,* 61 Md. 313.

There yet remains to be disposed of a single other question raised in this Court without having been considered or passed upon in the Court below. We will, however, dispose of the same. It is contended that the trustee failed to give such a bond as is required by section 205, Art. 16 of the Code, to vest him with the title to the property which had been conveyed to him. The section referred to requires a bond with *sureties* to be approved by the clerk, &c. The trustee in giving bond in this case has used the American Bonding and Trust Company of Baltimore City as *sole surety.* By the Act of 1896, ch. 41, amending the charter of said company, it is provided by the seventh section that said company " is empowered to insure the fidelity of persons holding places of trust or responsibility to or under any State, county, city, corporation, company, person or persons whatsoever, to become security for the faithful performance of any trust, office, duty, contract or agreement, and to supersede any judgment or to go upon any appeal

or other bond ; and it is further authorized to become sole surety in all cases where, by law, two or more sureties are required ; and it shall and may be lawful for any Court, Register, Clerk or other officer to approve said company as sole surety in all such cases." The language of this section authorizes said company to become *sole surety* in all cases, where by law two or more are required, and further provides " that it shall and may be lawful for any Court, Register, Clerk or other officer to approve said company as sole surety in all such cases." This statute, we think, authorizes the performance of such a duty by the Courts of this State, as requires of them that they take judicial notice of its provisions, and a statute containing such a clause is so far public as not to require it to be offered in evidence to enable the Courts to take cognizance of it. It is well settled that Courts must take judicial notice of their own officers. *Norvell* v. *McHenry*, 1 Mich. 227. It follows, we think, that a statute authorizing the performance of certain duties devolving upon its officers, and equally upon itself, should receive judicial notice, especially where such duty relates to the regularity of its proceedings.

Finding no error in the rulings appealed from, the judgment will be affirmed with costs.

*Judgment affirmed with costs.*

(Decided April 1st, 1898).