(97 App. Div. 185.)

SCHREYER v. J. S. BAILEY & CO.

(Supreme Court, Appellate Division, Second Department.  September 29, 1904.)

1. CORPORATIONS—NOTES—EXECUTION—AUTHORITY OF OFFICERS—BONA FIDE
   HOLDER.
      Where there was evidence justifying a finding that the president of a corporation had apparent, if not actual, authority to issue a note sued on as the obligation of the corporation, it was no defense to the corporation's liability thereon, as against a bona fide indorsee without notice, that the proceeds of the note were used to satisfy the president's individual indebtedness to the corporation, and that the latter acquired no benefit therefrom.

Appeal from Trial Term, Westchester County.

Action by Charles M. Schreyer against J. S. Bailey & Co.  From a judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial, he appeals.  Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Henry A. Forster (Edward Swann, on the brief), for appellant.
Frederick M. Czaki, for respondent.

PER CURIAM.  The action is upon a $15,000 promissory note of the defendant corporation, which has been transferred to the plaintiff by George Hotchkiss, the payee.  The note was made by J. S. Bailey, the defendant's president and treasurer, in the name of the company, and it is undisputed that the $15,000 was paid by Hotchkiss in checks to the company's order.  The main defense was that the money was borrowed by Bailey for his own purposes, and was used by him to pay his individual indebtedness to the company.  It was clearly established that Bailey was invested by the company with apparent, if not actual, authority to issue the note, or, at least, there was abundant evidence to justify a jury in reaching that conclusion.  In directing a verdict for the defendant, the learned trial court said:

"The proof in this case is that the corporation did not have the benefit of the money.  It was a corporation note.  It is perfectly clear what these transactions were.  Mr. Bailey issued a corporation note for his own advantage and

benefit. and the proceeds of it came into the corporation simultaneously with his instructions to pass it to his personal credit, and never rested but for a moment to the credit of the treasury of the corporation."

The payee of the note (Hotchkiss) testified positively that he had no knowledge at the time of the loan that any part of the money was, or was to be, used by Bailey for his own purposes; and we do not think the case contains sufficient evidence to support a finding to the contrary. As an innocent bona fide holder of an authorized note, he could collect it from the company, although the proceeds were used without his knowledge in the manner stated by the learned trial court.

It follows that the judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event.