# FIRST NATIONAL BANK OF RICE LAKE, WISCONSIN, v. FLOUR CITY TRUNK COMPANY.[1]

June 7, 1912.

Nos. 17,607—(197).

**Corporation — authority of officer to pay personal debt with its note — notice to payee.**

An officer of a corporation having general authority to execute promissory notes for it in the course of its business has no authority to execute the note of the corporation, without consideration or benefit moving to it,

[1] Reported in 136 N. W. 563.

[Note]   What circumstances are sufficient to put purchaser of negotiable paper of corporation on inquiry, see note in 29 L.R.A.(N.S.) 359.

for the payment of his personal debt, or that of another. If the payee in such a note has notice of the purpose for which it was executed, he cannot maintain an action thereon against the corporation. The fact that the officer executed the note of the corporation in payment of his own debt, or that of another officer of the corporation to the payee, is sufficient to charge him with notice.

**Decision sustained by findings.**

Rule applied and *held* that the findings of fact sustain the conclusion that the plaintiff cannot recover from the defendant on two notes purporting to have been made by it, by its secretary, to the plaintiff, in payment of the personal debts of the defendant's secretary and treasurer to the plaintiff.

Action in the district court for Hennepin county to recover $3,000 balance alleged to be due upon two promissory notes. The case was tried before Waite, J., who made findings of fact and conclusion of law as set forth in the opinion. From an order denying plaintiff's motion for a new trial, it appealed. Affirmed.

*William Furst,* for appellant.
*Edward H. Crooker,* for respondent.

START, C. J.

This action was brought in the district court of the county of Hennepin to recover the balance due on two promissory notes which purported on their face to have been made by the defendant, by its secretary, to the plaintiff. The defense was to the effect that the notes were signed and delivered to the plaintiff by two of its officers without any authority from it, or consideration or benefit to it, of all of which the plaintiff had notice. The case was tried by the court without a jury, and findings of fact and conclusions of law were made to the effect following:

The plaintiff was and is a banking corporation duly organized under the laws of the United States, and the defendant a manufacturing and mercantile corporation duly organized under the laws of this state.

On February 26, 1909, W. W. Heffelfinger was indebted to the plaintiff herein in the sum of $2,500 on his promissory note for that amount then due, and on that day he delivered to the plaintiff,

in payment and renewal thereof, a note of defendant, executed in its name by Mr. Guy L. Bartholomew, its secretary. This note was renewed from time to time by other notes of defendant, executed in the same manner. The final renewal thereof is the note set out in the complaint.

In the year 1905 Bartholomew executed to the plaintiff his promissory note for $2,500. This note was so executed by Bartholomew without consideration to him, but for the accommodation of the Couderay Lumber Company; but the plaintiff had no notice of the accommodation character of the note. At its maturity this note was renewed by another note similar in amount executed by Bartholomew, and thereafter by successive renewals until the fifth day of April, 1909, at which time it was renewed and paid by a note of similar amount executed in the name of the defendant corporation by Bartholomew, its secretary. This last note was also so renewed from time to time. The final renewal thereof is the note set out in the complaint.

At the time of the execution and delivery of each of the original notes of defendant corporation, and of each renewal thereof, Bartholomew, who executed the same in the name of defendant, was its secretary and general manager, and at the time of the execution and delivery of each of such unpaid notes, and of one or more of the renewals thereof during the year 1909, W. W. Heffelfinger was treasurer of defendant corporation. The plaintiff, through its cashier, had knowledge of the official connection of Bartholomew and Heffelfinger with the defendant corporation, which received no consideration for either of the notes, or for any renewals thereof. Bartholomew had general authority to execute and deliver notes on behalf of the defendant; but neither he nor Heffelfinger had any special authority from defendant to execute or deliver either of the notes here in question, or any of the prior notes executed in the name of defendant.

As a conclusion of law the court directed judgment for the defendant upon the merits. The plaintiff appealed from an order denying its motion for a new trial.

The evidentiary facts found by the trial court are sustained by

the evidence, and the question for our decision is whether they sustain the conclusion of law of the trial court.

The assignments of error challenge not the sufficiency of the evidence to sustain any particular finding of fact, but they are directed to the conclusions of law which, the plaintiff assumes, the court must necessarily have drawn therefrom. The plaintiff's claim in this connection, as stated in the brief of counsel, is this: "All assignments of error and all the questions in the case can be disposed of by the consideration of three propositions of law that appear in the case. These are: (1) Are these notes 'accommodation paper?' (2) Was the giving of the notes an 'ultra vires' act, for which the corporation is not responsible? (3) Can this respondent urge the defense of ultra vires?"

The brief of counsel exhaustively discusses the first and second of these propositions, and we concede, as we must upon the facts found, that the notes in question were not strictly accommodation paper, and that if the defendant authorized the execution of the notes the act was not necessarily ultra vires, as it possessed the general power to execute commercial paper in the usual course of its business by its secretary. It by no means follows from this concession that the trial court erred in its conclusion of law. The defendant does not claim that it gave the promissory notes to the plaintiff for the accommodation of either Bartholomew or Heffelfinger, or that it had no power to give such notes under any circumstances. Its claim is simply that the execution of the notes was without its authority, and without any consideration or benefit moving to it, and solely for the renewal and payment of the personal promissory notes of Bartholomew and Heffelfinger, respectively, of which the plaintiff had notice.

The law applicable to this case is well settled, and to the effect that an officer of a corporation, having general authority to execute promissory notes for it in the course of its business, has no authority to execute the note of the corporation, without consideration or benefit to it, for the payment of his personal debt, or that of another. If the payee in such a note has notice of the purpose for which it was executed, at the time of its acceptance, he cannot maintain an action thereon against the corporation. The fact that the officer executes

the note of the corporation in payment of his own personal debt, or that of another officer of the corporation, to the payee, is sufficient to charge him with notice. Third National Bank of St. Paul v. Marine Lumber Co. 44 Minn. 65, 46 N. W. 145; Porter v. Winona & Dakota Grain Co. 78 Minn. 210, 80 N. W. 965.

The facts found by the trial court bring this case clearly within the rule stated. The defendant is not estopped from showing that its secretary had no authority to execute for it these particular notes, for the record fails to show the essential elements of an estoppel. It never authorized the transaction, nor received any benefit therefrom.

Order affirmed.