GROSS IRON ORE COMPANY v. LEONARD PAULLE.[1]

June 13, 1919.

No. 21,184.

**Mortgage of corporation — notice to mortgagee.**

1. Plaintiff's president procured a loan from defendant and gave the note of the corporation and a mortgage on land of the corporation as security. The loan was in fact procured for the personal use of the president and was received by him and so used. The evidence sustains a finding that defendant had notice of the purpose for which the loan was procured.

**Condition precedent to cancelation — refund of taxes.**

2. Defendant cannot complain that the court imposed as a condition to the annulment of the note and mortgage, the payment to defendant of the amount of certain taxes paid by the president for plaintiff.

After the former appeal reported in 132 Minn. 160, 156 N. W. 268, the case was tried before Rockwood, J., who made findings and ordered that upon payment into court by plaintiff for the use of defendant of the sum of $187.57, the amount paid out by Gross for taxes, judgment should be entered canceling the mortgage given by plaintiff to defendant. From an order denying his motion for additional findings or for a new trial, defendant appealed. Affirmed.

*Laybourn & Cary,* for appellant.

*Cobb, Wheelwright & Dille* and *George Hoke,* for respondent.

HALLAM, J.

In March, 1909, Ludwig Gross secured from defendant a loan of

[1]Reported in 172 N. W. 907.

$3,000 and as security for its repayment gave the note of plaintiff and a mortgage on certain of its land in Lake county. Gross was president, treasurer and sole manager of plaintiff. The note and mortgage were executed in the name of the company by Gross as president and D. A. Scrimgeour as secretary. The money borrowed was paid to Gross by a check to his order and was appropriated by him to his own personal use. Plaintiff brought this action to set aside the note and mortgage, alleging, among other things, that it never received said $3,000 or any part of it, all of which, it alleged, defendant well knew at the time of the execution and delivery of the note and mortgage. The case was tried by the court without a jury. Judgment was ordered annulling the note and mortgage. The court found that the proceeds of the mortgage were diverted by Gross to his personal use, but made no finding on the question of defendant's knowledge or notice of the misuse or proposed misuse of the fund. On appeal this court held such knowledge or notice a prerequisite to the granting of any relief and remanded the case for a new trial of the one issue, "as to whether defendant was chargeable with notice that Gross borrowed the amount which the mortgage was given to secure, for his personal use." Gross Iron Ore Co. v. Paulle, 132 Minn. 160, 156 N. W. 268. On the second trial the trial court found this issue in favor of the plaintiff. Defendant again appeals.

The only question on this appeal is whether there is evidence to sustain this finding. In our opinion there is. Gross gave this testimony as to the conversation at the time the loan was negotiated: "I told him that I needed money, that I was financially pressed and that I wanted this money, that I would secure him * * * that I had advanced money for the Gross Iron Ore Company, and that I would secure him with a mortgage on its property." This, in connection with the fact that money was paid by check to Gross' personal order, is sufficient to sustain the finding of the court that defendant had notice that the loan was being negotiated by Gross for his own personal use.

The court imposed as a condition to the annulment of mortgage the payment by plaintiff to defendant of $187.57, the amount which plaintiff owed Gross for the taxes paid by him on plaintiff's land. Plaintiff does not complain of this. Defendant cannot. To this extent the decision favors defendant. This part of the decision was in no sense a partial

143—M. 4

annulment of an entire transaction. It simply attached a condition to complete annulment of the note and mortgage.

Order affirmed.