### FRANCES S. HARMON AND ANOTHER v. CENTRAL BUILDING & LOAN ASSOCIATION AND ANOTHER.[1]

May 20, 1927.

No. 26,025.

**Negligence of appellant association proved in failing to obtain lien waivers from contractors when it paid them proceeds of its loan to plaintiffs.**

The evidence sustains the finding of the jury that the defendant association, which made a loan to the plaintiffs with which to erect a building, and paid its proceeds to the contractors as the work progressed, agreed to obtain lien waivers, and negligently failed to do so.

Building and Loan Associations, 9 C. J. p. 988 n. 17.

The defendant Ben Franklin Building Loan Association appealed from an order of the district court for Ramsey county, Hanft, J., denying its alternative motion for judgment or a new trial. Affirmed.

*Elliott, Doll & Coursolle,* for appellant.

*George Cahill,* for respondents.

[1]Reported in 214 N. W. 56.

DIBELL, J.

Action to recover of the two defendants Central Building & Loan Association and Ben Franklin Building Loan Association for negligence in failing to obtain a lien waiver from one who furnished material for a building. There was a verdict for the plaintiffs. The defendant Ben Franklin Building Loan Association, which succeeded to the rights of the Central association and assumed its liabilities, appeals from the order denying its alternative motion for judgment or a new trial.

The plaintiff, Mrs. Harmon, was about to build upon property owned by her in St. Paul. On the 15th of October, 1923, she secured a loan of $8,000 from the Central association on a building and loan plan. Her contractor was not bonded and the association undertook to pay the money to the contractors as the work progressed. She claims that the association, through its secretary and treasurer, one Ford, agreed to procure lien waivers from those furnishing material; that this was a customary way of doing and was incident to the conduct of the association's business; and that the association knew and understood the custom.

One Hyland had the plumbing contract. He was paid $1,950 by the association upon orders from Mrs. Harmon. The Cochran-Sargent Company furnished him the material. No lien waiver was obtained by Ford from the company, and it enforced a lien upon the property in the sum of some $1,200.

We are not troubled with the defendant's claim that there was no evidence from which could be found authority in Ford to agree in behalf of the company to procure lien waivers. The by-laws gave him extensive powers. He was the active man in charge of the business, and one seeking the corporation in ordinary business negotiations would find him and deal with the association through him. He was about as near the heart of the corporation as one dealing with it could get. The evidence is quite ample that he customarily attended to matters of this kind. He had done so many times before. We are not cited to cases involving similar facts, but the applicable principles are clear, and the jury was justified in finding

authority in Ford. See Peterson v. Mille Lacs Lbr. Co. 51 Minn. 90, 52 N. W. 1082; Columbia Mill Co. v. Nat. Bank of Commerce, 52 Minn. 224, 53 N. W. 1061; Sinclair v. Investors Syndicate, 125 Minn. 311, 146 N. W. 1109; Gross Iron Ore Co. v. Paulle, 132 Minn. 160, 156 N. W. 268; Moorhead v. Minneapolis Seed Co. 139 Minn. 11, 165 N. W. 484, L. R. A. 1918C, 391, Ann. Cas. 1918E, 481; Chrysler v. Randolph S. & G. Co. 155 Minn. 297, 193 N. W. 677.

Nor do we have trouble in finding support in the evidence for a finding of negligence. All trouble could have been avoided if Ford had insisted upon a waiver. The Hyland bill was of considerable amount—nearly one-fourth of the loan. From these simple facts the jury could find negligence.

Order affirmed.