## CHR. WILLIAM SCHNEIDER *vs.* GEORGE ASHWORTH.

### January 18, 1886.

Judgment—Insufficient Findings.—A judgment (of the municipal court of St. Paul) based upon findings of *evidence,* and not of issuable facts, cannot be sustained.

Appeal by defendant from a judgment of the municipal court of St. Paul.

*Goforth & Roberts,* for appellant.

*Otto Kueffner,* for respondent.

DICKINSON, J. Action in the municipal court of the city of St. Paul, to recover a trunk, with its contents. The answer denied that the defendant had the possession or control of the property, and that he had been in any manner connected therewith. There was evidence tending to establish the truth of the answer. The cause was tried before the court without a jury, and upon the findings of the court judgment was entered for the plaintiff. The only findings relative to the taking or detention of the property are, in substance, that the plaintiff was indebted to the defendant; that one W. H. Bragdon, named as defendant's partner, but not distinctly found to be such, removed the trunk from the place where it had been left by the plaintiff, without the plaintiff's knowledge; that plaintiff demanded the

possession of the trunk from defendant, whereupon the latter said that he knew where it was, and would return it if the plaintiff would pay what he owed, or would give other security; which being refused, the defendant refused, and still refuses, to give up the trunk. No facts are found from which, as a legal conclusion, responsibility on the part of the defendant can be affirmed. There is a recital of *evidence* which might be claimed as tending to prove that the property was in the possession of and detained by the defendant, and the court might have found the fact so to have been. But, in the absence of any such expressed determination by the trial court, we cannot deem that as found which might have been found, although, from the conflicting evidence in the case, the court has recited that which is in the nature of proof of such fact. What is embraced in the findings of the court is not inconsistent with the fact that the defendant, knowing where the trunk was, proposed to get it and restore it to the plaintiff, upon the conditions named, although it was not in his possession, nor he in any manner implicated in the taking or detention of it. Upon a finding of evidence merely, and not of issuable facts, the judgment cannot be sustained. *Wagner* v. *Nagel*, 33 Minn. 348.

Judgment reversed.