CHARLES BENJAMIN, an Infant, by his Guardian, *vs.* JOSEPH LEVY.

June 22, 1888.

| 39 | 11 |
|----|-----|
| 40 | 416 |
| 39 | 11 |
| 51 | 267 |
| 51 | 347 |
| 39 | 11 |
| 79 | 48 |

**New Trial—Insufficient Findings of Fact.**— An order refusing a new trial cannot be sustained in the absence of sufficient findings of fact, even though the evidence as certified up would have fully warranted the findings.

**Carrier—Consignee Presumed Owner.**—No other facts appearing, the consignee, and not the consignor, of property delivered to a common carrier, will be treated and considered as the owner.

Plaintiff brought this action in the municipal court of St. Paul to recover for the conversion by defendant of $100. At the trial there was evidence that plaintiff and one Natelson called together at the express office at Lake Crystal, and plaintiff delivered to the express agent $100, belonging to himself, which was enclosed in a sealed package, directed to Nathan Benjamin, at Minneapolis, and with plaintiff's name on it as consignor. Soon after plaintiff and Natelson had left the office, the latter returned to it, and caused the address of the package to be changed to "J. Levy, St. Paul," to whom he was indebted, this being done without plaintiff's consent or knowledge. On its arrival at St. Paul the package was delivered to defendant, who refused to comply with plaintiff's demand for the money. These facts were also found by the court, except the fact of plaintiff's ownership. Judgment was ordered for plaintiff, and a new trial was refused. The defendant appeals from the judgment.

*Kueffner & Fauntleroy*, for appellant.

*H. L. Williams*, for respondent.

COLLINS, J. This is an action brought to recover the sum of $100, the property, it is alleged, of plaintiff, and which he claims has been wrongfully converted by defendant to his own use. The answer put plaintiff upon his proof on all of the material allegations of the complaint. The evidence, all of which has been certified up, is sufficient to have warranted a finding that plaintiff was, as he claimed,

the owner of the money, but, unfortunately for him, there was no finding of that import, and none that will justify the conclusion of the court that plaintiff is entitled to judgment. The only one bearing upon plaintiff's right to maintain the action is, in brief, that upon a certain day plaintiff delivered to the express company a package containing $100, consigned to another person in a distant city. This is but a recital of evidence, falling far short of determining the capacity or character in which such delivery was made, or that plaintiff had an interest, beneficial or otherwise, in the package. And where there is a failure to find that which might have been fully supported by the testimony, an order refusing a new trial must be reversed, as would be a judgment based upon such findings. *Wagner* v. *Nagel*, 33 Minn. 348, (23 N. W. Rep. 308;) *Schneider* v. *Ashworth*, 34 Minn. 426, (26 N. W. Rep. 233.) The plaintiff, then, giving to the findings full effect, must be treated solely as a consignor of the package in question, and as having no other or greater interest in it. From the fact that he had possession, we cannot infer that he was the owner, nor can we indulge in speculating that his right of possession did not lawfully terminate when he delivered the package to the express company. In the absence of proof to the contrary, the consignee of property shipped through a common carrier, and not the consignor, must always be treated and considered as the owner. *Fitzhugh* v. *Wiman*, 9 N. Y. 559; *Green* v. *Clarke*, 12 N. Y. 343. The findings failing to show that plaintiff was owner, or that he had such a special property or interest in the package of money as would entitle him to recover under the rule laid down in *Chamberlain* v. *West*, 37 Minn. 54, (33 N. W. Rep. 114,) the order denying a new trial must be reversed.