# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

PETER NEWMAN v. SARAH A. NEWMAN.[1]

April 22, 1897.

Nos. 10,207—(214).[2]

**Divorce—Jury—Default—Findings.**

Where issue is joined in a divorce suit, like proceedings should be had as in a civil action; and though a party waives a jury, by failing to appear, he does not thereby waive the making of findings of fact by the trial court.

**Same—Sufficiency of Findings.**

Held, that the findings of the trial court, that "said court finds that said plaintiff owes to said defendant the sum of four hundred and fifty dollars," is a mere conclusion of law, and insufficient to support the judgment for $450.

**Same—Necessity of Proof on Default.**

Where the issues are made by the pleadings, and the plaintiff's claim or defendant's counterclaim is denied, and the opposite party fails to appear at the trial, the issue remains to be tried by the court, if the party appearing waives a jury. The trial court cannot, in such case, direct judgment for the latter without hearing evidence to prove his cause of action.

Appeal by plaintiff from a judgment of the district court for Polk county, Ives, J., in favor of defendant. Modified.

*F. A. Grady* and *O. J. Vaule*, for appellant.

*Francis Hibner*, for respondent.

[1] Reported in 70 N. W. 776.    [2] October, 1896, term.

68 M.—1

PER CURIAM. This is an action for divorce, commenced by the husband; and the wife, by her answer, in the nature of a cross action, alleged grounds for affirmative relief, and prayed that she might have a decree of divorce from the plaintiff. The action was tried by the court. The evidence is not returned, and the only questions arise upon the findings of the trial court and the judgment thereon.

The appeal was taken by the plaintiff from the judgment entered against him, granting the defendant a divorce, and awarding her a share in the plaintiff's real estate, and also adjuding that plaintiff owed the defendant the sum of $450. It is alleged that the court erred in ordering a reference of the case, and denying the plaintiff an opportunity to make a defense, upon the ground that he was in contempt for not paying alimony and suit money. But there is no settled case, no bill of exceptions, and no findings of fact by the trial court that the claim or contention of appellant's counsel is true in this respect. What purports to be a finding of fact on this question is nothing more than a mere recital of certain alleged acts of the plaintiff occurring prior to the time of the trial. This recital is not sufficient to establish any fact therein alluded to, and hence it cannot be held, upon the record, that plaintiff was denied the opportunity of making a defense against the affirmative allegations of the defendant's answer. It is conceded by the plaintiff's counsel that he did not appear on the trial, and, as the grounds why he did not do so do not properly appear in the record, it must be assumed that he stands as a party failing to appear at the trial.

The causes for divorce, of which the court found the plaintiff guilty, were habitual drunkenness and cruel and inhuman treatment. The allegations in the pleadings as to the habitual drunkenness of the plaintiff were utterly insufficient in attempting to state a cause of action, but the pleadings were sufficient as to the cruel and inhuman treatment. The court found that the plaintiff was guilty of cruel and inhuman treatment of the defendant, as charged in her answer. This finding, in the absence of any proof to the contrary, warrants the entry of the judgment appealed from, so far as this point is concerned.

The trial court also found that said plaintiff owns the E. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$, the N. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$, and the N. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$, of section 29, in T. 154 N., R. 43 W., in said Polk county, worth $2,000; also lot 23 of block 53 in the village of Thief River Falls, in said county,

worth $100, and that plaintiff owned personal estate at the time said parties ceased to live together as husband and wife, in 1894, worth $500, and thereupon it made this order:

"It is further ordered, adjudged, and decreed by said court that said defendant have the sum of six hundred sixty-six and 67-100 dollars, as her just share in the said real estate of said plaintiff, and that said plaintiff pay to said defendant said sum of six hundred sixty-six and 67-100, and that defendant recover from the plaintiff, as attorney's fees, the sum of seventy-five dollars in all, and that said sums, together with defendant's costs, disbursements, and attorney fee herein, which are taxed at the sum of sixty dollars, shall be and constitute a lien upon said above-described real estate until all of said several sums are fully paid."

Judgment was rightly so entered. But it was also entered for the $450 hereinbefore referred to. This part of the judgment was based upon the following supposed finding of fact: "Said court finds that said plaintiff owes to said defendant the sum of four hundred and fifty dollars." If findings of fact are necessary in this case, the one here quoted is insufficient to support the judgment for the $450.

Findings of fact must not be mere conclusions of law, but should be the statement of the ultimate facts found. Butler v. Bohn, 31 Minn. 325, 17 N. W. 862. Tested by this rule, the finding is insufficient. It is simply a conclusion of law. As the plaintiff did not appear at the trial, it is suggested that he thereby waived the making of findings of fact by the trial court. There are cases which so hold, but they are based upon express statutory provisions to the effect that a party waives findings of fact by failing to appear. 3 Estee, Pl. & Prac. § 4658. We have no such statute. A party waives a jury trial by failing to appear, but the statute does not extend to findings of fact. G. S. 1894, § 5385. Section 5386 requires the court, upon a trial of issues of fact, to make findings of fact as a basis of its judgment. Where the issues are made by pleadings, and the plaintiff's claim or defendant's counterclaim is denied, and the opposite party fails to appear at the trial, the issue remains to be tried by the court if the party appearing waives a jury. The trial court cannot, in such a case, direct judgment for the latter without hearing evidence to prove his cause of action. Strong v. Comer, 48 Minn. 66, 50 N. W. 936. It follows that whenever there is an issue of fact which must be tried by the court,

findings of fact must be made. A finding of fact as to this $450 claim was necessary, and the judgment is erroneous to this extent only. Judgment must be affirmed, except as to this $450 claim, but as to it a new trial must be granted.

So ordered.