TIMOTHY DANAHEY v. SAMUEL PAGETT.

October 20, 1898.

Nos. 11,265—(171).

**Findings — Goods Furnished Defendant — Labor Performed for Defendant—Insufficient to Sustain Judgment.**

In an action brought to recover for goods sold and delivered, and for labor performed, findings of fact that plaintiff "furnished" the goods to defendant, and "performed" the labor for him,—the value thereof also being found,—are insufficient to sustain a judgment for such value in plaintiff's favor.

Action in the municipal court of St. Paul for $9.40, the value of two box elder trees and two cedar posts, and for labor and services performed. The case was tried before Twohy, J., without a jury, and judgment was ordered for plaintiff. From the judgment entered accordingly, defendant appealed. Reversed.

*S. C. Olmstead,* for appellant.

*J. J. McCafferty,* for respondent.

COLLINS, J.

In an action involving less than ten dollars, as is the case now before us, it is to be regretted that there must be a reversal. But the findings of fact are insufficient to justify or sustain the conclusion of law on which judgment was entered in plaintiff's favor.

The findings are that plaintiff "furnished" to defendant two trees and two posts, which were reasonably worth and of a certain value, and also that plaintiff "performed" labor and services for defendant, which were reasonably worth and of a stated value, no part of which has been paid. It was not found that the goods were furnished or the labor performed under an express contract, and from

what was found it does not appear that there was any contract by implication, or that the defendant subsequently promised to pay.

If there is no express contract fixing a liability, a contract cannot be implied, unless articles are furnished or services rendered by request of the person sought to be charged, or under circumstances equivalent to a request, or where there has been a subsequent promise to pay. In Keller v. Struck, 31 Minn. 446, 18 N. W. 280,—an action brought to enforce a mechanic's lien, but in which plaintiff attempted to secure a personal judgment,—it was held that the complaint, in which it was averred that the plaintiff "did thereafter furnish and deliver * * * certain lumber and building materials" to defendant, was insufficient, because it failed to contain allegations constituting a good count in the nature of indebitatus assumpsit or quantum valebat at common law, for it did not allege a sale, nor a previous request, nor a subsequent promise. That this question arises here upon findings of fact, instead of on the allegations of a pleading, as in the Keller case, cannot make any difference. From the findings it should have appeared that there was an express obligation to pay assumed by defendant, or facts should have been found from which would arise the legal implication of a like obligation on defendant's part. No facts were found upon which to base either the conclusion of law or the judgment.

The claim made by plaintiff's counsel that the judgment can be sustained upon the alleged finding that "the defendant is indebted to the plaintiff," etc., is without merit. See Newman v. Newman, 68 Minn. 1, 70 N. W. 776.

A new trial must be had.

Judgment reversed, but no statutory costs will be taxed against the plaintiff.