MARTIN J. HUGHES v. PATRICK MEEHAN and Another.[1]

October 25, 1901.

Nos. 12,766—(43).

### Judgment notwithstanding Findings of Court.

The provisions of Laws 1895, c. 320, do not apply to a case tried by the court without a jury. A motion made by a defeated party, after findings of fact and conclusions of law have been filed in such a case, "for judgment notwithstanding the findings, and, if denied, for a new trial," is irregular practice, at least, although it has herein been treated and disposed of solely as a motion for a new trial.

### Assignments of Error.

Certain assignments of error, set out verbatim in the opinion, considered, and disposed of, part thereof being held insufficient.

Action in the district court for Red Lake county by plaintiff, as administrator of the estate of James C. O'Brien, deceased, to recover $1,950 for labor performed for defendants by decedent. The case was tried before Watts, J., who found in favor of plain-

[1] Reported in 87 N. W. 768.

tiff in the sum of $392.79 and interest. From an order denying a motion for judgment notwithstanding the findings or for a new trial, defendants appealed. Affirmed.

*Henry W. Lee,* for appellants.

*H. Steenerson, Ira C. Richardson* and *Charles Loring,* for respondent.

COLLINS, J.

Appeal from an order denying a motion made by defendants' counsel upon several grounds "for judgment notwithstanding the findings, and, if denied, for a new trial," in an action brought by plaintiff, as administrator, to recover for personal services rendered by his intestate to the defendants as co-partners.

The case was tried by the court without a jury, and upon its findings of fact judgment was ordered in favor of the plaintiff for $392.79, with interest. Counsel's assignments of error are quoted verbatim, as follows:

"1. The complaint does not state a cause of action: (a) It does not state sufficient facts; (b) it does not support the findings.

"2. District court erred in trying the case. It should, in the exercise of a sound legal discretion, have remanded the case to the probate court; and erred in receiving evidence under the complaint.

"3. The court erred in receiving testimony without passing upon the motion to amend.

"4. The findings are not supported by the evidence.

"5. The court erred in denying defendants' motion for judgment notwithstanding the findings.

"6. The court erred in denying defendants' motion for a new trial."

1. The point is made by plaintiff's counsel in their brief that these assignments are insufficient, and raise no questions for this court to pass upon. We fully agree with counsel in this as to most of the assignments, and will further say that this was a particularly proper case for the allowance of amendments to the assignments of error, if any request had been made therefor. This was not done, and the assignments must be treated as we find them.

2. When contending that the complaint failed to state facts

sufficient to constitute a cause of action, counsel specifically relied on the second paragraph thereof, which was an allegation of the appointment of plaintiff as administrator, urging that it was defective, because it failed to set forth the county in which the appointment was made. There are at least two good reasons why this point is not well taken: First. The action was brought in Red Lake county, and this appeared from the caption of the complaint. The allegation was of an appointment "in said county," and this was sufficient as against an objection made on appeal for the first time. Second. The answer expressly admitted that the plaintiff was duly appointed administrator, and that letters of administration were duly issued to him. This admission eliminated any question which might afterwards be made as to the sufficiency of the allegation.

If by subdivision "b" of the first assignment counsel means that the findings are not within, or not authorized by, the complaint, it is obvious that there is nothing to be criticised in this respect except the finding that the services were of the value of $75 per month; for their value, as fixed by the complaint, was but $50 per month. This is easily explained. At the beginning of the trial counsel admitted—what had been denied by his answer—that the deceased rendered personal services for defendants for a period of three years and three months, which services were reasonably worth, and of the value of, $50 per month. The only issue thereafter to be tried, as the pleadings stood, and with this admission, was as to the amount paid by defendants on account of these services, they alleging payment in full, and further setting up a claim in excess amounting to over $280, while plaintiff's contention was that defendants were indebted in a balance of $1,950.

But immediately after this admission plaintiff's counsel moved to amend the complaint so as to allege the value of the services to be $75 per month, instead of $50. The record shows that defendants objected to this amendment, whereupon the court remarked, "You may put in your testimony, and we'll see." Nothing further was said by either party in regard to this proposed amendment, and no ruling of the court was called for or had. Counsel for the defendants did not insist upon a ruling, nor did he object to

the reception of testimony as to the value of the services. He seems to have acquiesced in the view taken by the court, in effect, that the proposed amendment was a matter for further determination. Testimony was thereafter introduced as to the value of the services, without regard to the allegation that they were worth $50 a month and defendants' admission that they were of that value. The case was tried upon the theory that the value was in issue, that it might exceed the amount alleged and admitted, and the court so found, and that defendants promised to pay at the rate of $75.

Even if counsel had particularly specified as erroneous this finding as to value and the promise to pay, and thus made his assignment sufficient in form, it would not have reached the claim that the finding was not within, or was not justified by, the allegation in the complaint. Counsel could not impliedly acquiesce, as he did, in the proposition of the court to take testimony, litigate the question as if at issue, and afterwards contend that the finding as to value and the promise is unsupported, because the testimony was not strictly within the allegation.

3. Assuming that by the second assignment the jurisdiction of the court below is questioned, we simply say that the assignment is not worth discussing.

4. The third assignment we have already disposed of. Counsel did not insist upon a ruling upon the motion to amend, but, on the contrary, allowed the question of the value of the intestate's services to be inquired into without objection. Nothing further need be said on this assignment.

5. Some of the findings are fully justified by the proofs, and the fourth assignment is clearly defective, because it fails to point out and specify which of the six distinct findings of fact are unsupported by the evidence. We have again and again announced that in this respect a wholesale assignment is inadequate.

6. The fifth assignment is also ineffectual for at least one reason. In a case tried by the court without a jury Laws 1895, c. 320, has no application, nor did counsel attempt to apply it, for at no time during the trial did he make the motion therein provided for. It is perfectly obvious from the wording of the act that it applies

solely to trials in which a jury is impaneled and a verdict rendered.

7. The sixth assignment is insufficient, the motion being made on more than one statutory ground. It failed to state wherein and why the court erred in denying the motion.

8. We have called attention to the fact that the order appealed from was made upon the hearing of the blended motion provided for in chapter 320, supra, and that this practice act is not applicable in a case tried by the court without a jury. This appeal has been treated and disposed of as if it had been taken from an order denying a motion for a new trial only, but we do not wish to have this cause relied upon as a precedent for the practice herein pursued.

Order affirmed.