### GUY W. NOBLE v. GREAT NORTHERN RAILWAY COMPANY.[1]

April 24, 1903.

Nos. 13,426—(71).

**Appealable Order.**

The defendant made a blended motion for judgment notwithstanding the findings or for a new trial in a case tried by the court without a jury, and appealed from the whole of the order denying both motions. *Held*, that the order is appealable as one in effect denying a motion for a new trial, the motion for judgment being unauthorized.

**Evidence—Findings.**

The findings of fact in this case are insufficient to support the legal conclusion that the defendant is liable for the loss of property alleged to have been delivered to it by the plaintiff for safe-keeping. Nor is the evidence sufficient to establish such liability.

Action in the municipal court of St. Paul to recover $78.50 for personal property lost or destroyed while in possession of defend-

[1] Reported in 94 N. W. 434.

ant as bailee. The case was tried before Finehout, J., who found in favor of plaintiff for $53.50. From an order denying a motion for judgment notwithstanding the findings or for a new trial, defendant appealed. Reversed, and new trial granted.

*R. A. Wilkinson* and *W. R. Begg*, for appellant.

*Thomas M. Dill*, for respondent.

START, C. J.

This action originated in the municipal court of the city of St. Paul. The complaint alleges in effect that the plaintiff delivered to the defendant certain clothing and other personal property, of the aggregate value of $53.50, to him belonging, which the defendant agreed to keep safely and return to him on demand; that the defendant did not safely keep the property, but so negligently and carelessly conducted itself with respect thereto that by the negligence of the defendant such property was wholly lost to the plaintiff. These allegations were denied by the answer. The cause was tried by the court without a jury. As a conclusion of law from the facts found, the court ordered judgment for the plaintiff for the value of the property. The defendant made a blended motion for judgment notwithstanding the findings, or for a new trial, and appealed from the whole of the court's order denying both motions.

1. The plaintiff here urges that the order is not appealable. It is true, as claimed, that Laws 1895, c. 320, does not apply where a cause is tried by the court without a jury. Hughes v. Meehan, 84 Minn. 226, 87 N. W. 768. It follows that the defendant's blended motion was not lawyerlike, but the part thereof asking for judgment notwithstanding the findings was surplusage. If this surplusage be eliminated from the motion and the order, we have left a motion for a new trial and an order denying it, which is appealable.

2. The defendant's assignments of error are to the effect that neither the evidence nor the findings of fact sustain the order for judgment. The evidence tends to show that the plaintiff was a conductor of dining and sleeping cars in the employ of the defendant, and that on December 15, 1901, the train of the defendant, at-

tached to which were dining and sleeping cars of which the plaintiff had charge as such conductor, was derailed and wrecked near Essex, Montana; that plaintiff remained at the scene of the wreck in charge thereof by direction of the train conductor for some five hours, when he left by the permission and on the authority of the defendant's assistant division superintendent. His testimony as to the alleged bailment and the loss of his property was substantially this:

"Q. You may state whether or not you called his [the assistant superintendent's] attention to the condition of the car and your personal belongings.  *  *  *  A. Yes, I told him I had personal clothing in there. I don't know as I named over the articles. I told him I had personal effects in the locker, and couldn't open it with a key; the only way to open it would be with an ax, damaging the car, and I didn't want to leave them as anybody could break in and get them.  *  *  *  He said that would be all right, they would have two watchmen there all the time, and they would be just as safe as the other things.  *  *  *  He said they would be taken care of along with the rest of the things. Q. And he directed you to go away? A. Yes.  *  *  *  I went on to Kalispel on the same train he did.  *  *  '*  I went back there on the afternoon of the sixteenth on a freight to see if the car was all right, so I could open the locker with a key, and I found the things gone. The locker had been broken open with an ax, and my things were gone. Q. You don't know who opened it? A.  *  *  *  I couldn't state positively."

The only finding of fact by the trial court as to the alleged bailment and the loss of the plaintiff's property was this:

"That in the afternoon of said day of the wreck, the assistant superintendent of the division of defendant's railroad where said wreck occurred came to the place of the wreck, and plaintiff at said time received an order from and the permission of said assistant superintendent to leave the place of the wreck and go to Kalispel, Montana, and plaintiff then left the place of the wreck and went to Kalispel, but, before leaving for Kalispel, plaintiff informed said assistant superintendent of the fact that plaintiff's personal property was in one of the lockers of defendant's cars which was derailed, and that the locker could not be opened, owing to its then existing condition, without breaking open the door of the locker, and that in doing so the car would be damaged, and that said assistant superintendent directed plaintiff not to break or damage the door of the locker, and stated to plaintiff that the

defendant would take care of plaintiff's property when he went away. That plaintiff returned to the place of the wreck the next day, and found the locker had been broken open and all of his things taken away."

This finding, if it were justified by the evidence, is insufficient to support the legal conclusion that the defendant is liable for the value of the plaintiff's property. There is no finding of the ultimate facts from which the legal conclusion follows that the defendant is so liable. There is no finding that the property, as alleged in the complaint, was delivered to the defendant upon its agreement to safely keep and return, and that it was lost by reason of the defendant's negligence. The finding, at most, is a mere statement of evidentiary facts tending to prove such ultimate facts. It is not sufficient to sustain a judgment in favor of the plaintiff. Wagner v. Nagel, 33 Minn. 348, 23 N. W. 308; Schneider v. Ashworth, 34 Minn. 426, 26 N. W. 233; Benjamin v. Levy, 39 Minn. 11, 38 N. W. 702; Danahey v. Pagett, 74 Minn. 20, 76 N. W. 949.

Nor is the evidence sufficient to establish the plaintiff's alleged cause of action, for it fails to establish any authorized contract by the defendant as to the property in question.

Order reversed, and new trial granted.