GEORGE B. YOUNG v. JOHN·C. GRIEB and Others.[1]

July 7, 1905.

Nos. 14,428—(198).

**Adverse Possession.**

    Action to determine adverse claims to real estate. The trial judge found as a fact that the plaintiff had not been in the adverse possession of the land for the time limited by statute. *Held,* that the finding is sustained by the evidence.

Action in the district court for Todd county to determine the adverse claims of defendants to certain land in possession of plaintiff. Defendant George Grieb alone appeared and answered, alleging title in himself. The case was tried before Baxter, J., who found in favor of the answering defendant. From an order denying a motion for judgment in favor of plaintiff or for a new trial, plaintiff appealed. Affirmed.

*George W. Peterson,* for appellant.

*Donohue & Stephens,* for respondents.

START, C. J.

This is an action to determine adverse claims to lot 4, section 19, in township 127, range 32, in the county of Todd, this state, containing fifty acres. The complaint alleged in effect that the plaintiff was in possession of the land and the owner by virtue of fifteen years' adverse possession thereof, and that the defendants claimed an estate and interest therein and lien thereon adverse to the plaintiff, which were without right. The defendant George Grieb answered, denying the allegations of the complaint, and alleging that he was the owner in fee of the land.

The facts found by the trial court are these: The allegations of the complaint are not sustained by the evidence. The plaintiff received a tax deed of the land from the county auditor on September 27, 1881, based on a sale thereof for the taxes for the year 1879, and has since paid all taxes assessed against the land. The allegations of the answer

[1] Reported in 104 N. W. 131.

are true. The court's conclusion of law was to the effect that the defendant was entitled to judgment that he is the owner and entitled to the possession of the land upon condition that within one year he repay to the plaintiff the amount paid for the tax deed and interest, and taxes on the land, with interest. The plaintiff appealed from an order denying his motion for judgment or for a new trial. This is in legal effect an appeal from an order denying a motion for a new trial. Noble v. Great Northern Ry. Co., 89 Minn. 147, 94 N. W. 434.

It is here conceded that the tax deed was void, and that the title to the land is in the defendant, unless the plaintiff has acquired title by adverse possession. The sole question, then, on this appeal, is whether the finding of the trial court to the effect that the plaintiff had not been in the continuous adverse possession of the land for fifteen years at the time this action was commenced is sustained by the evidence. The law is settled as to adverse possession. It must be actual, continuous, exclusive, and hostile. The possession must be such as will operate as unequivocal notice to the true owner that some one is in possession of his land in hostility to his title. It is the actual possession which appears upon the ground which affects the true owner; hence the mere claim of title and payment of taxes are not alone sufficient. It is not, however, essential in all cases that the land be fenced and buildings maintained thereon, for it is sufficient if visible and notorious acts of ownership have been continuously exercised over the land for the time limited by the statute. Wood v. Springer, 45 Minn. 299, 47 N. W. 811. The difficulty lies in the application of these rules, for each case must be determined upon its particular facts. There is but little conflict in the testimony of the witnesses in this case. The inference, however, to be drawn from the evidence, is one of fact, and not of law. We have attentively considered the evidence, and reached the conclusion that the finding of fact by the trial judge to the effect that the plaintiff had not been in the adverse possession of the land in question for fifteen years is fairly sustained by the evidence.

Order affirmed.