## SLEEPY EYE MILLING CO. v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.[1]

October 18, 1912.

Nos. 17,922—(65).

**Carrier — conversion of freight — settlement with consignor.**

Action by a consignee against a carrier for damages for unreasonably delaying the transportation of a carload of coal, and for a conversion of the coal. *Held*, upon the facts stated in the opinion, that a settlement with the consignor is not a defense to the action.

Action in the district court for Hennepin county to recover $86.35. The substance of the pleadings is stated in the opinion. The case was tried upon stipulated facts before Holt, J., who made findings as set forth in the opinion. From the judgment entered pursuant to the findings, defendant appealed. Affirmed.

*Brown, Abbott & Somsen,* for appellant.

*Fred N. Furber* and *Kerr & Fowler,* for respondent.

START, C. J.

This action was brought in the district court of the county of Hennepin to recover damages for the negligent delay of the defendant, as a common carrier, in transporting a carload of coal, and for a conversion of the coal after it arrived at its destination.

The complaint alleged two causes of action in separate counts; the first of which purported to .allege a cause of action based on the delay of the defendant in transporting the coal, whereby the plaintiff sustained damages in loss of profits on the coal in the net sum of $26.69; and the second one alleged a conversion of the coal by the defendant after it reached its destination, to the plaintiff's net damage in the sum of $59.66. No objection to the complaint for

[1] Reported in 137 N. W. 813.

Note.—As to right of consignee to maintain action against carrier, see note in 36 L.R.A.(N.S.) 68.

misjoinder of causes of action was taken either by demurrer or answer.

The answer put in issue the allegations as to the first alleged cause of action, and as to the second one it admitted the conversion, and alleged a settlement therefor with the consignor of the coal and payment of the damages, as authorized by the statutes of the state of Illinois, where the contract for transportation was made. The answer alleged a counterclaim, amounting to $10, for demurrage of the car of coal.

The cause was tried by the court without a jury. The parties entered into a written stipulation of the facts, and thereby agreed that the cause be submitted to the court and tried upon the facts so stipulated. Thereupon the trial court made the stipulation a part of its findings of fact, and found the facts to be as stated in the stipulation. As a conclusion of law from the facts found, the court ordered judgment for the plaintiff in the sum of $76.35. It was so entered, and the defendant appealed from the judgment.

The stipulation of facts was allowed and certified as the settled case, which was unnecessary, for the facts stipulated are a part of the findings of the trial court. The sole question, then, presented by the record for our decision, is whether the facts so stipulated and found sustained the conclusion of law and the judgment. There can be no question here made as to a misjoinder of causes of action, for it was waived by failing to raise it by demurrer or answer. Nor does the record present any question of the sufficiency of the complaint, for all questions presented by the stipulation and findings are presumed to have been litigated by consent. This eliminates several questions discussed in the briefs of counsel.

The only question, then, meriting special consideration, is whether the record shows that the plaintiff was entitled to recover for a conversion of the coal.

The short facts relevant to this question are these: The plaintiff, a retail dealer in coal at Sleepy Eye, this state, purchased the coal in question of Keller & Company, at Sesser, Illinois, which was there to be delivered to plaintiff free on board the car, and the purchaser was to pay the charges for freight. Keller & Company, as

consignors, delivered the coal in a car to the Burlington Railroad Company to be transported to Peoria, Illinois, and there delivered to the defendant, a connecting line, to be transported by it to Sleepy Eye and delivered to the plaintiff, the consignee. The consignor received the bill of lading and forwarded it to the consignee, the plaintiff, who paid to the consignor the purchase price of the coal. The defendant did not transport the coal to Sleepy Eye within a reasonable time, but unduly delayed the shipment. When the coal reached its destination, the plaintiff was notified; but it refused to unload the coal, unless the defendant would pay its damages due to the delay in the delivery thereof. Thereafter the defendant took the coal for its own use, and settled with and paid the consignor therefor, claiming the right so to do by virtue of the laws of Illinois, to the effect that the consignor has a sufficient interest in the subject-matter of a shipment to maintain an action for and recover for loss, damage, and conversion thereof, regardless of the ownership of the same, and is chargeable as trustee for the consignee to the extent of his interest therein. Upon the conversion of the coal by the defendant, the plaintiff advised Keller & Company of such fact, and requested it to refund the purchase price of the coal and to enter a claim against the defendant therefor. The request was not complied with, and no refund was made. On May 17, 1910, the plaintiff made a direct demand upon the defendant for settlement of its claim, by letter, in which the defendant was informed that plaintiff paid Keller & Company for the coal on February 16, 1910, and also advised Keller & Company of its action and revoked its previous request. Thereafter, and on May 19, 1910, the defendant paid Keller & Company $59.66 as a full settlement of all claims and demands of the plaintiff by reason of all matters growing out of the shipment of the coal. It does not appear that the defendant had notice of the revocation of the request made to Keller & Company to refund and present its claim to the defendant, other than may be inferred from the fact that the plaintiff presented its claim direct to the defendant and notified it that full payment for the coal had been made to Keller & Company.

It is clear, upon a consideration of these facts, that the plaintiff

was the owner of the coal when it was converted, and that the consignor had no interest therein. Benjamin v. Levy, 39 Minn. 11, 38 N. W. 702; Grinnell-Collins Co. v. Illinois Cent. R. Co. 109 Minn. 518, 124 N. W. 377, 26 L.R.A.(N.S.) 437.

If it be conceded that by the laws of Illinois the consignor might have maintained an action for the benefit of the plaintiff, the conclusion does not follow that the defendant had a right to settle with the consignor and discharge the cause of action of the plaintiff after the defendant had due notice that the coal had been paid for, that it then belonged to the plaintiff, and that its claim for damages had been presented to it. Any right which the consignor may have had to bring the action for the plaintiff's benefit was not exclusive, and the plaintiff, as the real party in interest, had the right to enforce its claim by action or otherwise as it might be advised.

We therefore hold, upon the special facts of this case, that the settlement of the plaintiff's claim with the consignor is not a defense to this action.

Judgment affirmed.

HOLT, J., having tried the case in the court below, took no part.