*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1107**

Allen Logelin,
Respondent,

vs.

Randy J. Poynter,
Appellant.

**Filed March 25, 2024
Affirmed
Segal, Chief Judge**

St. Louis County District Court
File No. 69DU-CV-22-279

Michael E. Orman, Beaumier Trogdon Orman Hurd & Viegas, PLLP, Duluth, Minnesota
(for respondent)

William D. Paul, William D. Paul Law Office, Duluth, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Segal, Chief Judge; and
Cochran, Judge.

**NONPRECEDENTIAL OPINION**

**SEGAL**, Chief Judge

Appellant challenges the district court's grant of summary judgment to respondent
on respondent's adverse-possession claim. Because respondent presented evidence
showing that he met the requirements for adverse possession of the disputed area, and
appellant failed to establish the existence of a genuine issue of material fact, we affirm.

## FACTS

Respondent Allen Logelin and appellant Randy J. Poynter have been neighbors since Logelin purchased his homestead from his parents in 1997. This dispute focuses on a strip of land between Logelin's parcel and Poynter's parcel that is roughly 90 feet wide. The strip includes a wooded area on either end and an open area in the middle.

In support of his motion for summary judgment, Logelin submitted a personal affidavit along with affidavits from several other witnesses attesting to Logelin's activities on the disputed area. Poynter submitted an affidavit from a witness with expertise in the field of geographic information systems that included a number of aerial photographs, along with an affidavit from his attorney attaching aerial photographs from 2009 and 2013. Poynter submitted no personal affidavit or other sworn testimony in opposition to Logelin's motion. The following summarizes the contents of the affidavits.

Logelin built his house on his property in 2003. In that same year, he installed a raised mound septic system with vent pipes; the raised mound and vent pipes for the septic system are located on the disputed area and are visible above ground. Logelin obtained a permit from the county for installation of the system. Between 2003 and 2004, he also built a small shed and pig and poultry pens, and planted a garden on the disputed area. The pig pen was located between trees and Logelin believed that it would not be visible from the air. The structures were improved and expanded over time, but have been there continuously since at least 2004. In addition, Logelin stated that he has engaged continuously in other activities on the disputed area, such as hunting and trapping, creating a deer plot, harvesting trees, and storing firewood, since at least 2004.

2

In October 2021, Poynter objected for the first time to Logelin's use of the disputed area and put up no trespassing signs. Logelin then stopped hunting and trapping in the disputed area but did not stop other activities or remove any structures.

Logelin commenced this action in 2022, seeking title to the disputed area by adverse possession or, in the alternative, "boundary [line] by practical application." Poynter answered and filed counterclaims for trespass and nuisance.

The parties filed cross-motions for summary judgment. In an expert affidavit submitted by Poynter in his motion papers, the expert opined that no structures are "visible to the naked eye" in aerial photographs of the disputed area taken in 2003-2004, 2006, and 2009, except that a garden can be seen in the 2009 photograph. In the affidavit from Poynter's attorney, the attorney claimed that, except for the garden in 2009, no structures are visible until the 2013 photograph. As noted earlier, Poynter offered no other sworn testimony.

The district court granted Logelin's summary-judgment motion, denied Poynter's motion, and dismissed Poynter's counterclaims. The district court concluded that Poynter's submission failed to demonstrate the existence of a genuine issue of material fact because, even if the expert affidavit was admissible, the most that the affidavit and aerial photographs could establish is that there were no structures visible in the aerial photographs prior to 2010. The district court noted, however, that many of the uses alleged by Logelin would not be visible in an aerial photograph, including the septic system installed in 2003 and activities such as cutting and stacking firewood. As such, the district court reasoned

3

that the evidence failed to demonstrate the existence of disputed facts sufficient to overcome Logelin's summary-judgment motion.

## DECISION

"We review a district court's summary judgment decision de novo." *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010). "In doing so, we determine whether the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment." *Id.* The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Thiele v. Stich*, 425 N.W.2d 580, 583 (Minn. 1988). "However, when the moving party makes out a prima facie case, the burden of producing facts that raise a genuine issue shifts to the opposing party." *Id.* If the nonmoving party then fails to offer evidence demonstrating the existence of a genuine issue of material fact, the moving party is entitled to summary judgment as a matter of law. *Id.*; *see* Minn. R. Civ. P. 56.01. "Mere speculation, without some concrete evidence, is not enough to avoid summary judgment." *Bob Useldinger & Sons, Inc. v. Hangsleben*, 505 N.W.2d 323, 328 (Minn. 1993).

As a general matter, a party seeking to obtain title to property by adverse possession must establish, by clear and convincing evidence, that the party has exercised actual, open, continuous, exclusive, and hostile possession of the property for at least 15 years.[1] *Ganje*

---

[1] When the claim for adverse possession involves a separately assessed parcel, the party must also demonstrate that the party has paid property taxes for the parcel for at least five consecutive years, unless an exemption applies. *See* Minn. Stat. § 541.02 (2022). This case was submitted to the district court as a boundary-line dispute, which is one of the exemptions to the property-tax payment requirement in Minn. Stat. § 541.02. *See St. Paul Park Refin. Co. LLC v. Domeier*, 950 N.W.2d 547, 550 (Minn. 2020); *Starbeck v. Gibson*,

*v. Schuler*, 659 N.W.2d 261, 266 (Minn. App. 2003) (citing *Ehle v. Prosser*, 197 N.W.2d 458, 462 (Minn. 1972)).  Logelin brought forward evidence to support each element of an adverse-possession claim.

Poynter argues that the aerial photographs he submitted, along with his expert's opinion that no structures are "visible to the naked eye" in the aerial photographs through 2009, establish a genuine issue of material fact sufficient to defeat Logelin's summary-judgment motion.  But as the district court noted, permanent above-ground structures are not required to sustain a claim for adverse possession.  *See id.* at 267; *see also Young v. Grieb*, 104 N.W. 131, 131 (Minn. 1905).  An adverse-possession claim can be supported by the types of uses a typical owner might exercise under the circumstances—it need not include every possible use.  *See Costello v. Edson*, 46 N.W. 299, 300 (Minn. 1890) (affirming adverse-possession finding because the adverse claimant's use of a "wild and unoccupied" property, which included cutting timber and clearing brush, was constructive use).

Here, the only evidence provided by Poynter in opposition to Logelin's motion were several aerial photographs and the opinion from Poynter's expert about what was "visible to the naked eye" in those photographs.  Viewing that evidence in the light most favorable to Poynter (and assuming for the purpose of this appeal that his expert's opinion would be admissible evidence), all that Poynter has established is that there may not have been structures built on the disputed area before 2013 that were visible from the air.  This does

---

__ N.W.3d ___, ___, 2024 WL 73107, at *3 (Minn. App. Jan. 8, 2024), *petition for rev. filed* (Minn. Feb. 2, 2024).

not, however, negate Logelin's evidence that he continuously used the disputed area for other applications, including most notably, the installation of a septic system in 2003 for which he obtained a permit from the county. We also deem it significant that Poynter made no claim that the disputed area was divisible such that Logelin's activities in one part of the disputed area—for example, the area where the septic system was located—would not apply to an adverse-possession claim for another part. The disputed area was treated as one indivisible whole throughout the proceedings before the district court. We thus agree with the district court that the "extremely limited evidence" brought forward by Poynter, "even assuming its admissibility," fails to create a fact issue sufficient to defeat summary judgment. We therefore affirm the district court's grant of summary judgment in Logelin's favor.

**Affirmed.**